UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| Lanee Great Plastic (Shenzhen) Co., Ltd., <br> Plaintiff, <br> v. <br><br> The Handmade Bow Co., Inc., <br> Defendant. | COMPLAINT |

## NATURE OF THE ACTION

This action seeks money damages for goods sold and delivered to The Handmade Bow Co., Inc., its successors, affiliates, successor corporations, agents, or subsidiary corporations (hereinafter "affiliated entities") during August to October, 2006. by Lanee Great Plastic (Shenzhen) Co., Ltd. in the amount of $648,661.56.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Lanee Great Plastic (Shenzhen) Co., Ltd. ("LGP") is a corporation with a principal place of business at No. 8, Chyi Xin Road, Wulian Country, LongGang District, Shenzhen Guangdong China 516116.

2. Defendant The Handmade Bow Co., Inc. ("HBC") is a Massachusetts corporation with a place of business at 92 Blandin Ave., Suite 14 Framingham, MA 01702-7072 and elsewhere.

3. Jurisdiction in the United States District Court for the District of Massachusetts is proper under 28 U.S.C. § 1332. There is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue in the United States District Court for the District of Massachusetts is proper.

## FACTS COMMON TO ALL COUNTS

5. During 2006, HBC informed LGP that one of its places of business was located in Framingham, MA. LGP requested HBC ship various goods, wares and merchandise to HBC or one of its affiliated entities. LGP shipped the goods to HBC or one of its affiliated entities. The price of the goods, wares and merchandise shipped to HBC or one of its affiliated entities is $648,661.56, none of which has been paid.

6. Various demands were made by LGP for payment which were ignored. Neither HBC nor any affiliated entities paid any money for the goods sold and delivered. And upon information and belief all of the goods were sold. None of the shipped goods were returned to LGP.

7. HBC or one of its affiliated companies failed to pay LGP following the conclusion of the Christmas sale season pursuant to documentation exchanged between HBC and LGP. The promise to pay after the 2006 Christmas season ended constituted a material term of the agreement between the parties and induced LGP to ship the goods as requested. At the end of the Christmas season HBC informed LGP there was no available cash to pay LGP due to a prior pledge of assets.

## THE PLAINTIFF'S CLAIMS

    <u>Count I</u>    Action for Goods Sold and Delivered Against HBC

8. LGP repeats and realleges paragraphs 1-7 above as paragraphs 1-7 of Count I as if fully stated herein.

9. HBC is indebted to LGP in the sum of $648,661.56.

10. HBC has breached its contract with LGP by failing to pay for goods sold and delivered in the amount of $648,661.56.

    <u>Count II</u>    Action for Unjust Enrichment Against HBC

11. LGP repeats and realleges paragraphs 1-10 above as paragraphs 1-10 of Count II as if fully stated herein.

12. HBC has been unjustly enriched in the amount of $648,661.56.

    <u>Count III</u>    Action for Quantum Meruit Against HBC

13. LGP repeats and realleges paragraphs 1-12 above as paragraphs 1-12 of Count III as if fully stated herein.

14. The reasonable value of the unpaid goods, wares and merchandise delivered to HBC during 2006 is $648,661.56.

<u>Count IV</u>    Action for Deceit

15. LGP repeats and realleges paragraphs 1-14 above as paragraphs 1-14 of Count IV as if fully stated herein.

16. The actions or inactions of HBC or its affiliated entities constitutes deceit in that no monies were paid for any of the shipped goods nor any of the goods were returned.

17. Had HBC been truthful in its negotiations with LGP and disclosed its financial condition, LGP would not have shipped the goods to HBC.

<u>RELIEF SOUGHT</u>

I. That the Court enter judgment on Count I for Breach of Contract in favor of LGP and against HBC or its affiliated entities in the amount of $648,661.56 with interest and costs;

II. That the Court enter judgment on Count II for Unjust Enrichment in favor of LGP and against HBC or its affiliated entities in the amount of $648,661.56 with interest and costs;

III. That the Court enter judgment on Count III for Quantum Meruit in favor of LGP and against HBC or its affiliated entities in the amount of $648,661.56 with interest and costs;

IV. That the Count enter judgment on Count IV for Deceit in favor of LGP and against HBC or its affiliated entities in the amount of $648,661.56 with interest and costs; and

V. For further relief the Court deems just and proper.

                                                Lanee Great Plastic (Shenzhen) Co., Ltd.,
Plaintiff,
By its attorney,

/s/ Richard W. Gannett
Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606
rwgannett@gannettlaw.com

Dated: July 10, 2007